UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-01423-WLH (SK) | Date | June 14, 2023 |
|---|---|---|---|
| Title | Arturo Bernal v. Alex Villanueva et al | | |

| Present: The Honorable | Steve Kim, United States Magistrate Judge |
|---|---|

| Connie Chung | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None present | None present |

**Proceedings:**     (IN CHAMBERS) **SECOND ORDER TO SHOW CAUSE**

Plaintiff is a California state prisoner suing under 42 U.S.C. § 1983 for alleged violations of his constitutional rights while detained at the Los Angeles County Men's Central Jail. He named as defendants Los Angeles County Sheriff Alex Villanueva, twelve correctional officers at the jail, and one Doe defendant. (ECF 32 at 2–7). Sheriff Villanueva has answered the complaint. (ECF 84). And one named defendant (Daniel Flores) has not been timely served. (ECF 59). But the remaining 11 served defendants have moved to dismiss plaintiff's complaint (or for judgment on the pleadings). (ECF 43, 67, 70, 74, 78, 81). Plaintiff, however, opposed only one of those defense motions (by defendants Jerome Gage and Gregory Gibbons). (ECF 64). So in March 2023, he was ordered to show cause in writing by April 11, 2023 why the five unopposed motions (by nine defendants) should not be granted. (ECF 97). Plaintiff could have satisfied that show-cause order by filing a consolidated opposition. But as of this order, two months past the show-cause deadline, plaintiff has neither filed a consolidated opposition nor responded in any way to the show-cause order. And the court has received no notice of change of address or undeliverable mail to suggest that plaintiff may not have seen the court's orders.

Moreover, in the one opposition plaintiff did timely file, he attached a copy of his inmate grievance form and an incident report, which listed defendants Gage and Gibbons as involved parties but did not otherwise describe their individual actions. (*See* ECF 64). Nor did that opposition address the pleading deficiencies outlined in defendant Gage's and Gibbons' joint motion to dismiss. That failure is reason enough to grant the motion. *See Resnick v. Hyundai Motor Am., Inc.*, 2017 WL 1531192, at *22, (C.D. Cal. Apr. 13, 2017) ("Failure to oppose an argument raised in a motion to dismiss constitutes waiver of that argument.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:22-cv-01423-WLH (SK) | Date | June 14, 2023 |
|---|---|---|---|
| Title | Arturo Bernal v. Alex Villanueva et al | | |

    As a result, plaintiff is ORDERED TO SHOW CAUSE in writing by no later than <u>July 7, 2023</u>, why this action should be dismissed—in its entirety—for lack of prosecution and failure to obey court orders. Plaintiff may satisfy this order in one of three ways:

(1)     file a notice of voluntary dismissal of the case using the attached Form CV-09; or

(2)     file a consolidated opposition to the outstanding defense motions (ECF 67, 70, 74, 78, and 81) <u>and</u> an amended complaint curing (if it is possible) as many of the pleading deficiencies detailed in the joint motion to dismiss by defendants Gage and Gibbons (ECF 64); or

(3)     file a written response explaining how plaintiff intends to prosecute this action—including against defendant Sheriff Villanueva—given all the pleading deficiencies, procedural irregularities, and lack of responsiveness to date.

If plaintiff does none of these things by July 7, 2023, this entire action may be involuntarily dismissed for failure to prosecute and failure to obey court orders. *See* Fed. R. Civ. P. 41(b); L.R. 41-1. This is plaintiff's SECOND warning that failing to comply with court orders can lead to involuntary dismissal with no further notice.

    IT IS SO ORDERED.